Case 4:15-cv-01806 Document 25 Filed in TXSD on 03/23/17 Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
March 23, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **MADISON MAUZE,** § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 4:15-CV-1806 |
| § | |
| **BIOPSYCH HEALTH SYSTEMS, INC.,** *et al*, § | |
| § | |
| Defendants. § | |

## MEMORANDUM AND ORDER

Pending before the Court is Defendants' Motion for Judgment on the Pleadings (Doc. No. 18). After considering the Motion, the response thereto, and all applicable law, the Court determines that the Motion should be granted and the case remanded to the District Court of Montgomery, Texas.

### I. BACKGROUND

This case began as a writ of mandamus to compel inspection of corporate documents. Defendant BioPsych Health Systems, Inc. counterclaimed for breach of confidentiality agreements and theft of trade secrets. Plaintiff subsequently added additional parties and claims, including a claim under the Racketeer Influenced and Corrupt Organizations Act (RICO). Defendants removed the case to this Court on June 25, 2015 on the basis of federal question jurisdiction. On February 1, 2017, Defendants filed a Motion for Judgment on the Pleadings. (Doc. No. 18.)

### II. LEGAL STANDARD

A court may hear a party's motion for judgment on the pleadings after the pleadings are closed. Fed. R. Civ. P. 12(c). The standard for deciding a Rule 12(c) motion is the same as that

for a Rule 12(b)(6) motion to dismiss for failure to state a claim. *Vanderbrook v. Unitrin Preferred Ins. Co.*, 495 F.3d 191, 205 (5th Cir. 2007) (citing *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 313 n. 8 (5th Cir. 2002)).

Pursuant to Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." When considering a Rule 12(b)(6) motion to dismiss, a court must "accept the complaint's well-pleaded facts as true and view them in the light most favorable to the plaintiff." *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 562, 678 (2009) (quoting *Twombly,* 550 U.S. at 570).

### III. ANALYSIS

In order to state a RICO claim, a plaintiff must allege three elements: "(1) a *person* who engages in (2) a *pattern of racketeering activity* (3) connected to the acquisition, establishment, conduct, or control of an *enterprise*." *St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425, 439 (5th Cir. 2000) (emphasis in original). "A pattern of racketeering activity requires two or more predicate acts and a demonstration that the racketeering predicates are related and amount to or pose a threat of continued criminal activity." *Id.* at 441. The RICO statute lists numerous predicate acts, including various acts of embezzlement and fraud, that constitute racketeering activity. 18 U.S.C. § 1961(1).

Plaintiff alleges that Defendants committed the following unlawful acts in violation of RICO:

> (a) receiving income derived (directly or indirectly) from a pattern of racketeering activity to use or invest (directly or indirectly) any part of such income (or the proceeds of such income) in the acquisition of any interest in (or the establishment or operation of) an enterprise, (b) acquiring or maintaining (directly or indirectly), any interest or control of an enterprise, or (c) conduct or participate (directly or indirectly) in the conduct of an enterprise's affairs through a pattern of racketeering.

First Am. Pet. ¶ 25. Although Plaintiff repeatedly states that the Defendants engaged in racketeering activity, he does not specify any predicate acts. To the extent that Plaintiff alleges unlawful activity in other parts of the First Amended Petition, the allegations are not specific enough to satisfy the pleading standard for Rule 12(c). For example, based on Defendants' alleged refusal to allow Plaintiff to inspect corporate documents, Plaintiff concludes that "[a]ll of the evasiveness, lack of transparency, and secreting corporate assets demonstrates, not only total lack of ongoing business operations, but unlawful conduct." *Id.* ¶ 9. Plaintiff further alleges that Defendants "made transfers or incurred obligations without receiving a reasonably equivalent value in exchange," resulting in insolvency. *Id.* ¶ 20. Given the vagueness of Plaintiff's factual allegations, his RICO claim does not meet the standard for Rule 12(c) and must be dismissed.

The Court exercised federal question jurisdiction over Plaintiff's RICO claim and supplemental jurisdiction over Plaintiff's other claims. *See* 28 U.S.C. § 1367(a). Because the RICO claim is the only federal question claim in the First Amended Petition, its dismissal leaves the Court without original jurisdiction over the remaining claims. In that circumstance, 28 U.S.C. § 1367(c)(3) provides that a district court may decline to exercise supplemental jurisdiction over the remaining claims. District courts enjoy wide discretion in making that determination. *Noble*

*v. White*, 996 F.2d 797, 799 (5th Cir. 1993). In the instant case, the Court declines to exercise supplemental jurisdiction over the remaining claims.

## IV. CONCLUSION

For the reasons set forth above, Defendants' Motion for Judgment on the Pleadings (Doc. No. 18) is **GRANTED**, and the case is **REMANDED** to the District Court of Montgomery, Texas.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas on this the 23rd day of March, 2017.

HON. KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE